UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENE VILLASENOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-CV-6975 |
| UNITED STATES OF AMERICA, | ) |
| | ) Judge John W. Darrah |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Rene Villasenor, proceeding *pro se*, filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, 28 U.S.C. § 2255. For the reasons provided below, his Motion is denied.

## BACKGROUND

On September 11, 2007, Petitioner was charged by indictment with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). (Pet'r's Mot. 1.) He pled guilty to that charge on February 13, 2008. (Pet'r's Mot. 1.) On May 21, 2008, Petitioner was sentenced to 96 months' imprisonment. (Pet'r's Mot. 1.)

Petitioner alleges he had ineffective counsel because he did not receive a sentence within the range of 70 to 87 months set out in his plea agreement and that his plea agreement was breached when the U.S. Sentencing Guideline Range calculated by the U.S. Probation Office (which the Court imposed) resulted in a longer sentence than what was identified in his plea agreement.[1] (Pet'r's Mot. 2-4.) Petitioner further alleges that

---

[1] While Defendant's petition is denied based on the procedural grounds as discussed in this opinion, it should be noted that the substance of his claim is without merit. The Court was under no obligation to follow the sentence suggested in Petitioner's plea agreement. This was explained to Petitioner at his change of plea hearing held on February 13, 2010. The record reflects this: (Continued on next page.)

after receiving his sentence, his attorney agreed to assist him in an appeal of his conviction. (Pet'r's Reply 3.) According to Petitioner, his attorney did not file a notice of appeal within the requisite ten-day period, and his conviction became final on May 21, 2008. (Pet'r's Reply 3.) Petitioner waited ten months, until March 2009, to first inquire of his attorney as to the status of the appeal. (Pet'r's Reply 3.) At that time, his attorney indicated that the appeal was pending and that he should remain patient. (Pet'r's Reply 3.) Petitioner made no further inquiries with his attorney or anyone else regarding his

---

> The Court: Are you satisfied with the advice, the efforts Mr. Martin, your attorney, has made on your behalf?
> The Defendant: Yes, sir.
> The Court: You're offering to plead guilty to a single count indictment. Has that indictment been read to you?
> The Defendant: Yes, sir.
> The Court: Has your lawyer explained the nature of the charge set out in the indictment?
> The Defendant: Yes, sir.
> . . .
>
> The Court: Do you have any questions about the indictment, what you're being charged with, Mr. Villasenor?
> The Defendant: No, sir.
> The Court: Do you realize that the preliminary determination of the sentencing guideline range in your case would suggest a sentence of 70 to 87 months in prison as well as a period of supervised release, a fine and any restitution that may be imposed? Do you understand that's the range under the sentencing guidelines?
> The Defendant: Yes, sir.
> The Court: Do you understand that I am not obligated to follow those guidelines and that I am free to impose any sentence that is permitted by the statute that controls the offense that you intend to plead guilty to?
> The Defendant: Yes, I understand.
> The Court: Do you understand that if I impose a sentence outside the guideline range, that you will be bound by the sentence and you will not be permitted to withdraw your plea of guilty? Do you understand that?
> The Defendant: Yes, sir.

Change of Plea Hr'g Tr. 28-29, February 13, 2010. It is also stated in the plea agreement entered into by Defendant that "Defendant understands the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence." (Plea Agreement, ¶ 8.) The Plea Agreement further states, "Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely." (Plea Agreement, ¶ 9f.) It is clear Petitioner (then, Defendant) was aware of the possibility he may be sentenced to a term not stated in his plea agreement both in reviewing his plea agreement and at his change of plea hearing.

appeal until August 2010 – seventeen months after his initial inquiry with his attorney and twenty-seven months after his conviction became final – when he wrote a letter to his attorney. (Pet'r's Reply 3.) Petitioner sent another letter to his attorney, asking about the status of his appeal, one month later. (Pet'r's Reply 3.) Petitioner claims he did not receive responses to the August or September 2010 letters. (Pet'r's Reply 3.) It was not until March 2011 that Petitioner suspected his appeal had not been filed and sought assistance to file the instant motion. (Pet'r's Reply 3.) Finally, on September 29, 2011 – over forty months after Petitioner's conviction became final – he filed this motion for relief from his sentence under Federal Rule of Civil Procedure 60(b) or 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Pet'r's Mot. 1.)

The Government filed a response to this petition on November 28, 2011, arguing the petition was untimely based on the one-year limitation on filing such a petition contained in 28 U.S.C. § 2255(f). (Govt.'s Resp. 1.) In response, Petitioner conceded that his petition was not filed within one year of his conviction's becoming final. (Pet'r's Reply 2.) Nevertheless, Petitioner claims the doctrine of equitable tolling is applicable to his case and argues that despite his claim being time-barred, he should be permitted to pursue his *habeas corpus* action. (Pet'r's Reply 3.)

## LEGAL STANDARD

Petitioner first claims relief from his sentence under Rule 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void;

3

> 5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Alternatively, Petitioner requests relief from his sentence under Section 2255, arguing he was denied his constitutional right to effective assistance of counsel under the Sixth Amendment. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Petitioner filed his petition *pro se*; therefore, his position is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Section 2255 petitions must be filed within one year of the latest of the following events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the government impediment, preventing the movant from making the motion, is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which facts, supporting the claim, could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Because Section 2255 is not subject to statutory tolling, the common-law theory of equitable tolling may apply under certain circumstances. The Seventh Circuit has held equitable tolling may apply when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). However, the Seventh Circuit has "yet to to identify a factual circumstance so extraordinary that it warrants equitable tolling." *Johnson v. Chandler*, 224 F. App'x 515, 519 (7th Cir. 2007). A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Attorney negligence can be an extraordinary circumstance necessary to warrant equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (*Holland*). However, "garden variety . . . neglect," such as a simple miscalculation that leads an attorney to miss a filing deadline, does not warrant equitable tolling. *Id.* at 2564. Moreover, while a petitioner need not demonstrate he exercised "maximum feasible diligence" in pursuing his rights, he must at least show he acted with "reasonable diligence." *Id.* at 2565. As indicated by the language of the equitable tolling test itself, equitable tolling is available only for exceptional circumstances and is rarely granted. *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).

5

## ANALYSIS

*Federal Rule of Civil Procedure 60(b) in Criminal Proceedings*

Petitioner first seeks relief from judgment under Federal Rule of Civil Procedure 60(b). The Government contends Petitioner's Rule 60(b) motion is unsupported by facts. However, more fundamentally, it is well-settled that a defendant cannot challenge a criminal conviction under the Federal Rules of Civil Procedure. *U.S. v. Paschal*, Nos. 98-CR-889–2, 02-CV-8745, 2002 WL 31719624, at *2 (N.D. Ill., Dec. 4, 2002) (internal citations omitted) (*Paschal*). Federal Rule of Civil Procedure 1 limits the scope of such rules to "all *civil actions* and proceedings in the United States district courts, except as provided by Rule 81." Fed. R. Civ. P. 1 (emphasis added). Federal Rule of Civil Procedure 81 does not expand the scope of the rules to include criminal proceedings. *See* Fed. R. Civ. P. 81. Since the judgment Petitioner challenges is a criminal conviction, not a civil judgment, Rule 60(b) does not provide an avenue for relief. *See U.S. v. Ramsey*, 106 F.3d 404, at *2 (Table) (7th Cir. 1997) (finding "Rule 60(b) allows a party to move for relief only from a judgment or order in a civil case"). Petitioner's Rule 60(b) motion is denied.

*Equitable Tolling Is Inapplicable*

Both Petitioner and the Government agree Petitioner's Section 2255 petition was filed well beyond the one-year limitation contemplated by §2255(f); however, Petitioner contends principles of equitable tolling prevent the operation of the one-year limitation.

Section 2255(f) requires any claim for relief under 28 U.S.C. § 2255 to be filed within one year of the judgment of conviction's becoming final. Under Rule 4(b) of the Federal Rules of Appellate Procedure, if the Petitioner intends to appeal his conviction,

he must file a notice of appeal with the Seventh Circuit Court of Appeals within ten days of his conviction.[2] Fed. R. App. P. 4(b). Petitioner did not appeal his conviction, so – as all parties agree – his conviction became final on May 21, 2008. (Pet'r's Reply 2.) Petitioner recognizes that under Section 2255(f), he had until May 21, 2009, to timely file this motion. (Pet'r's Reply 2.) Since this motion was not filed until September 29, 2011, it is time-barred unless it is saved by principles of equitable tolling. *See Holland*, 130 S. Ct. at 2554.

Petitioner has not demonstrated he pursued his rights with reasonable diligence; therefore, equitable tolling is unwarranted, and this petition is time-barred by Section 2255(f). He attempts to excuse his years-long delay in filing this action by alleging his attorney misled him into believing an appeal had been timely filed and that his attorney had become unresponsive over the past several years. However, the record indicates that the only attempts Petitioner made to pursue his rights were three letters (the first of which was written ten months after his conviction) to his attorney during the forty-month period between his conviction and filing this motion. While it is clear conditions of confinement may impede the ability of a prisoner to conduct outside communications, other petitioners faced with similar attorney-unresponsiveness have been able to communicate with the courts regarding the status of their respective cases.[3] *See, e.g., Holland*, 130 S. Ct. at 2555; *Socha v. Pollard*, 621 F.3d 667, 669 (7th Cir. 2010). Further, the record is devoid of any information indicating Petitioner contacted the Court, the Clerk of the Court, his friends or relatives to assist him in discovering information about his appeal. Nor has

---

[2] Rule 4(b) of the Federal Rules of Appellate Procedure was amended in 2009 to permit petitioners fourteen days from the time of entry of their sentence to file a notice of appeal. When Petitioner was sentenced, this period was only ten days.
[3] While Petitioner claims he was unable to communicate his concerns with the Court, it is evident Petitioner was capable of filing the instant petition for *habeas corpus* on his own behalf.

Petitioner shown he filed a complaint with any bar association to report his attorney's alleged misconduct or terminated the relationship he had with his attorney and requested appointed counsel – conduct which is common in these types of cases and which indicate a petitioner is diligently pursuing his rights. *See, e.g., Holland*, 130 S. Ct. at 2565; *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003).

Lastly, although the Petitioner's attorney's alleged misrepresentation that Petitioner's appeal was filed may excuse a longer period of inactivity than would normally be warranted, the extreme delay in this case is unreasonable. While no rule of thumb has evolved from the case law as to how long a petitioner may reasonably take to discover his attorney's missteps, the thirty-four months (May 2008 to March 2011) that it took for Petitioner here to act cannot be found to be the exercise of reasonable diligence. *See Ryan v. U.S.*, 657 U.S. F.3d 604, 607 (7th Cir. 2011) (explaining that a two-month delay may be reasonable, but a ten-month delay may not be). Petitioner's failure to act as set out above and the sheer length of the delay in filing this petition demonstrate Petitioner did not pursue his rights with reasonable diligence; therefore, equitable tolling of the one year limitation period is not available.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Rule 11 of the Rules Governing § 2254 Cases in the

8

United States District Courts. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under Section 2253, a petitioner must demonstrate the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (*Slack*). When a district court has denied a *habeas* petition on procedural grounds without reaching the merits of an underlying constitutional claim, the petitioner must show that reasonable jurists would debate: (1) whether the petition adequately alleges the denial of a constitutional right; and (2) whether the procedural ruling was correct. *Slack*, 529 U.S. at 478. Here, as explained above, Petitioner's claim is time-barred. He has not shown, nor likely could he, that reasonable jurists would resolve the procedural ruling differently. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the foregoing reasons, Petitioner Rene Villasenor's Motion under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 2255 is denied. A certificate of appealability shall not issue.

Date: 2-22-12

JOHN W. DARRAH
United States District Court Judge